# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**AL AND PO CORPORATION**,                    )
individually and on behalf of all others      )
similarly situated,                           )
                                              )
                        Plaintiff,           )          Case No.: 14-CV-1243
      v.                        )
                                              )          The Honorable Thomas M. Durkin
**QUALITY MEDICAL PRODUCTS, LLC**,            )
a Florida limited liability company,          )
                                              )
                    Defendant.           )

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.      **Parties.** Plaintiff AL and PO Corporation ("Plaintiff"), individually and as representative of the class of persons defined below in Paragraph 8 (the "Settlement Class"), and Defendant Quality Medical Products, LLC ("QMP" or "Defendant") enter into this Settlement Agreement ("Agreement"). This Agreement is by and between Plaintiff, the Settlement Class, and QMP only. It is expressly understood and agreed that the Released Parties (as defined herein below) are intended third party beneficiaries of this Agreement.

2.      **Nature of litigation.** In this lawsuit, entitled *AL and PO Corporation v. Quality Medical Products, LLC*, 14-CV-1243, pending in the United States District Court for the Northern District of Illinois, Eastern Division, Plaintiff alleges that QMP violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by causing unsolicited facsimile advertisements to be transmitted to a nationwide class of individuals and entities.

3.    **Denial of Liability.** By entering into this agreement, Defendant does not admit that it is liable to Plaintiff or the Settlement Class, nor does QMP concede that, absent a settlement, Plaintiff's putative class(es) may properly be certified under the Federal Rules of Civil Procedure. QMP enters into this Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Settlement Class against it concerning the matters alleged in the Class Action Complaint. QMP denies all liability to Plaintiff and the Settlement Class.

4.    Plaintiff, individually and on behalf of the Settlement Class, desires to settle its claims against QMP, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery, and the ability in fact to recover an amount, in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive.

5.    Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the class to enter into this Agreement.

6.    In consideration of the foregoing and other valuable consideration, Plaintiff and QMP agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, on the following terms and conditions.

## TERMS

7.    **Effective Date.** This Agreement will become effective, if at all, only when the event described in ¶7(a) has occurred and one of the events described in ¶7(b) has occurred:

a.      the Court's entry of a final approval order:

     (1)      approving this Agreement as fair, reasonable, and adequate to the Settlement Class;

     (2)      finding that this Agreement is fair and made in good faith;

     (3)      finding that the notice provided to the Settlement Class was the best notice practicable under the circumstances, that it was the only notice required, and that it satisfied the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B);

     (4)      finally certifying the Settlement Class; and

     (5)      dismissing the claims of Plaintiff and the Class Members against QMP with prejudice.

b.      either:

     (1)      if no appeal of the final approval order has been sought, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order; or

     (2)      if an appeal has been sought, the expiration of five (5) days after the appeal is disposed of in an order that: (i) affirms the final approval order and approves this Agreement as fair, reasonable, and adequate; (ii) orders the consummation of the settlement in accordance with the terms and provisions of this Agreement; and (iii) is not subject to further appellate review and does not remand the case to the trial court.

8.      **Class Definition**. Solely for the purposes of settlement, the parties stipulate to the certification of the Settlement Class, which is defined as:

All persons and entities: (a) who in 2013 were subscribers to a telephone number to which was sent one or more facsimiles ("Subcontractor Faxes") inviting recipients to contact QMP about its subcontractor network, which is used to service Medicare members receiving CPAP and BiPAP equipment, or who in 2013 were the owners of a facsimile machine to which a Subcontractor Fax was sent; (b) who in 2013 were subscribers to a telephone number listed on one or both of the two spreadsheets QMP created for purposes of sending the Subcontractor Faxes; (c) who were recipients of a Subcontractor Fax; *or* (d) who in 2013 had a registration with the National Provider Identifier ("NPI") Registry that included a telephone number described in (a) or (b) above.

A copy of the July 2013 and August 2013 Subcontractor Faxes is attached hereto as **Exhibit A**.

9.     **Certification for Settlement Purposes Only.**     For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order, the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Approval Order, and appointing Plaintiff as Class Representative and Siprut PC as Class Counsel. For settlement purposes only, the Settlement Class will be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, then:

a.     the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Agreement's termination or disapproval;

b.     this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made; and

c.     Plaintiff and QMP will revert to all procedural and substantive rights they had as of the date of execution of this Agreement.

10.     Based on discovery and the Subcontractor Spreadsheets, the Parties estimate that the Settlement Class comprises about 21,454 unique fax numbers. The Parties agree that each Settlement Class member who timely submits a valid and completed claim form pursuant to ¶¶14-15 shall be entitled to a single claim, regardless of the number of facsimile advertisements he/she/it received to a single facsimile number.

11.     **Notice and Administration Costs.** Within five (5) days after entry of the Preliminary Approval Order, QMP or entities acting on its behalf will provide to Class Counsel

the costs of notice and administration of this Settlement in the amount of $45,000 (the "Notice and Administration Payment"). Class Counsel shall select a third-party administrator to administer and provide notice of the settlement. All costs associated with administering and providing notice shall be deducted from the Notice and Administration Payment. The total costs of administration and notice under this settlement will not exceed $45,000.00. Any amount(s) of the Notice and Administration Payment not used for administration and notice of this settlement will be added to the Settlement Amount, defined below. If total costs associated with administration and notice of the settlement exceed $45,000.00, QMP will not be liable to pay the excess; instead, the excess costs will be deducted from the Settlement Amount (which is defined below).

12. **Relief to Plaintiff and the Settlement Class.** On the Effective Date, QMP or entities acting on its behalf will provide to Class Counsel a settlement payment of $605,000.00 ("Settlement Amount"), which Class Counsel agrees to hold in trust for the benefit of the Settlement Class. Class Counsel also agrees to hold in trust for the Settlement Class any part of the Notice and Administration Payment not used for the cost of administration and notice. Upon payment and turnover of the Settlement Amount to Class Counsel, QMP will have no further payment or other obligations to the Plaintiff, Class Counsel, or the Settlement Class. The liability of QMP and its insurer under this Agreement will be limited to payment of the $605,000.00 Settlement Amount and the $45,000 Notice and Administration Payment.

13. **Distribution of Settlement Amount**. The $650,000 total (which includes both the Settlement Amount and Notice and Administration Payment) will be used to provide the following relief to Plaintiff and the Settlement Class, subject to the Court's final approval:

    a.        payment of all costs associated with administration of this Agreement, including, without limitation, the cost of providing notice of the settlement to the class members via facsimile to the unique numbers on the Subcontractor Spreadsheets and the cost of distributing *pro rata* shares of the Class Fund, defined below, to class members who submit claim forms;

    b.        payment to Plaintiff of an incentive award for its services as a class representative not to exceed $5,000 and subject to Court approval;

    c.        payment to Class Counsel of attorneys' fees and costs in an amount found to be reasonable by the Court, which amount will not exceed one third of the Settlement Amount ($605,000) reduced by the amount identified in ¶12(b);

    d.        establishment of a Class Fund equal to the Settlement Amount ($605,000) minus the amounts identified in ¶12(b)-(c), with each member of the Settlement Class who timely submits a valid and complete claim form receiving a *pro rata* share of the Class Fund.

14.       **Time for Class Members to Take Certain Actions**. Settlement Class members will have sixty (60) days after faxing of the notice of the proposed settlement by which:

    a.        to submit a claim form and provide the third-party administrator with the address to which the check for the member's *pro rata* share of the Class Fund should be sent;

    b.        to opt out of and thereby exclude themselves from the settlement; and

    c.        to file an objection to the proposed settlement with the Court.

15.       **Voiding of Settlement Checks and *Cy Pres* Payment.** The Settlement checks to be issued to those Settlement Class members who file valid and timely claim forms will be void ninety (90) days from the date of issuance. Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will, subject to Court approval, be paid as a *cy pres* award to be agreed upon by the Parties. If the Parties are unable to agree, they may each present a potential recipient to the Court for selection.

16.        **Release.** Plaintiff and the Settlement Class grant the following releases upon the Effective Date:

a.        Plaintiff, AL and PO Corporation, including each and every one of its respective past, present, or future officers, employees, agents, representatives, attorneys (as counsel for AL and PO Corporation), shareholders, heirs, assigns, and any other person acting on its behalf or for its benefit, or any person claiming through it (collectively "Releasors"), releases and discharges Quality Medical Products, LLC, as well as its predecessors and successors in interest, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, attorneys, managers, and members (with all the foregoing being collectively referred to as the "Released Parties"), from all damages, causes of action, suits, claims, liability, and demands, in law or in equity, known or unknown at this time, that Releasors now have, did have, or may have in the future against the Released Parties, or any of them, from the beginning of time to the present. . This release includes, but is not limited to, all claims: (i) arising from or relating to the completed or attempted transmission of faxes to Releasors by Released Parties; and (ii) all claims that Releasors made or could have made against Released Parties in this action.

b.        Each member of the Settlement Class who does not validly opt-out of the settlement releases and discharges the Released Parties, defined above, from all damages, causes of action, suits, claims, liability, or demands, in law or in equity, known or unknown at this time, that each such member now has, did have, or may have in the future against the Released Parties, or any of them, arising from or relating to the Subcontractor Faxes sent out in July 2013 and August 2013 and all claims that were or that could have been asserted on their behalf in this action arising from or relating to the completed or attempted facsimile transmissions by Released Parties.

c.        Without admitting that California law or the laws of any other state apply to this Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Releasors will be deemed to have waived and will have expressly waived the provisions and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known

by him or her, must have materially affected his or settlement with the debtor.

Further, Releasors, expressly waive any and all provisions and rights or benefits that may be conferred upon them by any law, statute, ordinance or regulation that is similar, comparable or equivalent to California Civil Code §1542.

d.      This Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted or prosecuted with respect to the claims released herein.

17.      If this Agreement is not approved by the Court or for any reason does not become effective, it will be null and void and without prejudice to the rights of the Parties; in such event, it will not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

18.      **Attorneys' Fees**. Class Counsel will request approval from the Court for payment out of the Settlement Amount of their attorneys' fees, costs, and expenses of this lawsuit, in an amount not to exceed one third of the Settlement Amount minus the incentive award to Plaintiff. Class Counsel will not request additional fees or costs from QMP or the Settlement Class.

19.      **Fax Notice**.      Class Counsel or their agent will, within thirty-five (35) days of entry of the Preliminary Approval Order, cause actual notice of this settlement, in the form of Appendix 1, to be sent to the unique telephone numbers on the Subcontractor Spreadsheets (collectively, the two spreadsheets will be referred to as the "Class List"). Those numbers are the facsimile telephone numbers that QMP obtained from the NPI Registry for purposes of sending the Subcontractor Faxes in July and August 2013 to the Settlement Class members. The Class List will be produced pursuant to Fed. R. Civ. P. 26(c) and is Confidential under the Agreed Confidentiality Order (Doc. #31). Class Counsel or their agent shall resend

Notice to those numbers where the transmission failed. Class Counsel or their agent shall make at least two attempts to transmit the Notice by facsimile where the initial transmission failed.

20.     **Web Notice**. Class Counsel also agree that they will post the complete text of this Agreement on their website, www.qmpfaxsettlement.siprut.com within thirty-five (35) days of entry of the Preliminary Approval Order until ninety (90) days after the last claim check is issued. The full Agreement will also be made available to any Class member requesting additional information.

21.     *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, QMP shall serve upon the Attorneys General of each U.S. State in which there are members of the Settlement Class, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of all scheduled judicial hearings in the Action; (3) all proposed forms of notice to the Settlement Class; and (4) a copy of this Agreement. To the extent known, the QMP shall serve upon the above-referenced government official the names of Settlement Class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of Settlement Class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement. Any expenses or costs incurred under this paragraph will not reduce or otherwise be subtracted from the Notice and Administration Payment or the Settlement Amount.

22.     **Record Retention.** Class Counsel will retain all documents and records generated during their administration of the settlement – including records of notice given to

Settlement Class members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Settlement Class members – for at least two years following the issuance of an order dismissing the Action with prejudice, and the expiration of all deadlines for appeal from such order. The Class List will be maintained by Class Counsel, in electronic form, for the same period, after which time Class Counsel will destroy all original or copies (paper and electronic) of the Class List.

23. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for entry of the Preliminary Approval Order that:

      a.       Preliminarily approves this Agreement;

      b.       Appoints Siprut PC as Class Counsel;

      c.       Schedules a hearing for final approval of this Agreement;

      d.       Approves <u>Appendix 1</u> hereto as notice to the Settlement Class, to be directed via fax to the Class Members at the telephone numbers on the Class List;

      e.       Finds that the Notice described herein and the other measures specified in ¶¶ 19-21 are the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and

      f.       Requires QMP to provide notice of proposed settlement, the final hearing, and the preliminary approval order (containing the final approval hearing date) to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA"). In this case, the appropriate state and federal authorities under CAFA are the United States Attorney General and the Attorneys General of all 50 states.

24. **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness, and adequacy of this Agreement, and the

expiration of one-hundred and twenty (120) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff and Class Counsel, will request that the Court enter a Final Order:

a. approving the terms of this Agreement as fair, reasonable, and adequate;

b. providing for the implementation of those terms and provisions;

c. finding that the notice given to the Settlement Class satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and

d. dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs; and

e. providing that the order is a final, appealable judgment.

25. The parties agree to request the entry of a final order as described in the preceding paragraph. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

26. **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby waive, discharge and release the "Released Parties," as defined in ¶16(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this Class Action Complaint, other than the amount awarded by the Court as specified above.

27. **Right to Opt Out.** Settlement Class Members will have the right to opt out and exclude themselves from the Settlement Class by faxing or mailing a request for exclusion to the third-party administrator or Class Counsel within the time set by the Court in the Preliminary Approval Order (sixty (60) days from the date notice is initially faxed to them). To be valid, an opt-out request must be served upon Class Counsel. The third-party administrator must also

provide Plaintiff's Counsel and Defendant's Counsel with a copy of all opt-outs or requests for exclusions submitted by Class Members

28.     **Right to Object.** Any Settlement Class Member may object to the Settlement Agreement and appear in person or through counsel, at his, her or its own expense.  The deadline to object shall be set by the Court in the Preliminary Approval Order and the parties shall propose that it be at least sixty (60) days after notice is sent.  Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing a copy of the objection to Plaintiff's Counsel and Defendant's Counsel, identified below.  Any objection must include: (i) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection. The parties may seek leave from the court to conduct discovery against any objector. If Class Counsel receive an objection from any Class Member or other person, Class Counsel will deliver the objection to all counsel of record within five (5) business days of receipt of the objection.

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Joseph J. Siprut<br>jsiprut@siprut.com<br>Ismael T. Salam<br>isalam@siprut.com<br>Siprut PC<br>17 North State Street<br>Suite 1600<br>Chicago, Illinois 60602<br>(312) 236-0000<br>(312) 470-6588 (FAX)<br>*Counsel for Plaintiff and the Settlement Class* | David M. Schultz<br>dschultz@hinshawlaw.com<br>Peter E. Pederson.<br>ppederson@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>222 North LaSalle Street,  Suite 300<br>Chicago, IL 60601<br>(312) 704-3000<br>(312) 704-3001 (FAX)<br>*Counsel for Defendant, QMP* |

29.     **QMP's Right to Rescind Agreement.** In the event that persons and/or entities in the Settlement Class submit valid and timely requests to opt out or exclude themselves from the settlement and such requests cover more than 500 faxes otherwise subject to the Class definition, QMP will have the right at its sole discretion to rescind this Agreement. QMP's right to rescind must be exercised within thirty (30) days after the date established by the Court or any extension thereof, for the submission of opt-out or exclusion requests by Settlement Class Members. QMP will exercise its right to rescind by filing a notice of its exercise of its right to rescind with the Clerk of the Court. Within fourteen (14) days of the final deadline for Settlement Class members to opt out or request exclusion, Class Counsel and the third-party administrator must provide QMP's counsel with all optout and exclusion requests received, along with a spreadsheet summary of the opt-outs and requests for exclusion.

30.     **Miscellaneous Provisions.** This Agreement will be governed by and interpreted in accordance with the laws of Illinois.

31.     The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith will in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of the QMP of any liability or wrongdoing whatsoever.

32.     If final approval is granted, Class Counsel must retain the class list and a list of class members who opted in or excluded themselves for two years after the Effective Date, and destroy them after that period. The parties must destroy any class list(s) containing facsimile numbers pursuant to the Record Retention paragraph above.

33.     Each and every term of this Agreement will be binding upon and inure to the benefit of the Plaintiff and the Settlement Class, and any of their successors and personal representatives, and bind and inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

34.     The Parties hereby represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations.

35.     The foregoing constitutes the entire agreement among the signatories with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all signatories hereto, and approved by the Court.

36.     **Restriction on Publicity**. The Parties acknowledge that this Agreement represents a compromise of disputed claims and that there has been no finding or admission of fault on the part of QMP. Plaintiff and Class Counsel shall not issue any press release or otherwise initiate any affirmative action to garner publicity regarding this settlement. No actions undertaken by Plaintiff and Class Counsel in connection with providing Notice to the Settlement Class and pursuant to the terms of this Settlement Agreement shall be considered efforts to garner publicity.

37.     This Agreement may be executed in separate counterparts, in which case the various counterparts will constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, PDFs and facsimiles of executed copies of this Agreement may be treated as originals.

IN WITNESS WHEREOF, the signatories hereto, acting by and through their respective counsel of record, intending to be legally bound, have so agreed, on May _____, 2015.

**AL and PO Corporation**                    **Quality Medical Products, LLC**

By:_____           By:_____

_____               5/5/15
**Dated**                                **Dated**

                                         *President*
_____               _____
**Title**                                **Title**

**Approved as to form by counsel for the parties:**

_____               _____
Joseph J. Siprut                         David M. Schultz
jsiprut@siprut.com                       dschultz@hinshawlaw.com
Gregg M. Barbakoff                       Peter E. Pederson.
gbarbakoff@siprut.com                    ppederson@hinshawlaw.com
Ismael T. Salam                          Hinshaw & Culbertson LLP
isalam@siprut.com                        222 North LaSalle Street,  Suite 300
Siprut PC                                Chicago, IL 60601
17 North State Street, Suite 1600        (312) 704-3000
Chicago, Illinois 60602                  (312) 704-3001 (FAX)
(312) 236-0000
(312) 470-6588 (FAX)                     Ari N. Rothman
*Counsel for Plaintiff, AL and PO Corporation,*   Venable LLP
*and the Settlement Class*               202.344.4220
                                         202.344.8300 (fax)
                                         575 7th Street, NW,
                                         Washington, DC 20004
                                         ANRothman@Venable.com
                                         *Counsel for Defendant*
                                         *Quality Medical Products, LLC*

*4823-9178-3202, v.  1*

IN WITNESS WHEREOF, the signatories hereto, acting by and through their respective

counsel of record, intending to be legally bound, have so agreed, on April _____, 2015.

**AL and PO Corporation**

By: _____

_5 - 4 - 15_
**Dated**

_M Avo jc_
**Title**

**Quality Medical Products, LLC**

By: _____

_____
**Dated**

_____
**Title**

**Approved as to form by counsel for the parties:**

_____

Joseph J. Siprut
jsiprut@siprut.com
Gregg M. Barbakoff
gbarbakoff@siprut.com
Ismael T. Salam
isalam@siprut.com
Siprut PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
(312) 470-6588 (FAX)
*Counsel for Plaintiff, AL and PO Corporation,*
*and the Settlement Class*

_____

David M. Schultz
dschultz@hinshawlaw.com
Peter E. Pederson.
ppederson@hinshawlaw.com
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (FAX)

Ari N. Rothman
Venable LLP
202.344.4220
202.344.8300 (fax)
575 7th Street, NW,
Washington, DC 20004
ANRothman@Venable.com
*Counsel for Defendant*
*Quality Medical Products, LLC*

*4823-9178-3202, v. 2*

# APPENDIX 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

***AL and PO CORPORATION v. QUALITY MEDICAL PRODUCTS, LLC,*** No. 14 CV 1243
**Judge Thomas M. Durkin**

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

TO:    All persons and entities: (a) who in 2013 were subscribers to a telephone number
to which was sent one or more facsimiles ("Subcontractor Faxes") inviting
recipients to contact QMP about its subcontractor network, which is used to
service Medicare members receiving CPAP and  BiPAP equipment, or who in
2013 were the owners of a facsimile machine to which a Subcontractor Fax was
sent; (b) who in 2013 were subscribers to a telephone number listed on one or
both of the two spreadsheets QMP created for purposes of sending the
Subcontractor Faxes; (c) who were recipients of a Subcontractor Fax; or (d) who
in 2013 had a registration with the National Provider Identifier ("NPI") Registry
that included a telephone number described in (a) or (b) above.

*Copies of the two Subcontractor Faxes can be reviewed at Class Counsel's website,
www.qmpfaxsettlement.siprut.com.*

*To find out if your number appears on either of QMP's spreadsheets, contact Class Counsel.*

**PLEASE READ THIS NOTICE CAREFULLY. *THIS IS NOT A NOTICE OF A LAWSUIT AGAINST
YOU. IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT FUND DESCRIBED
BELOW, YOU MUST COMPLETE AND RETURN THE NOTICE/CLAIM FORM BY -----------------, 2015.***

**I. WHY YOU RECEIVED THIS NOTICE.** This Notice is to inform you of the proposed settlement of a class action
lawsuit having to do with alleged fax advertising. Your fax number has been identified as one that may have received a
Subcontractor Fax from QMP. **To review the full proposed settlement agreement and other pleadings, please call Class
Counsel at (312) 236-000 or visit www.qmpfaxsettlement.siprut.com.**

**II. WHAT IS THIS LAWSUIT ABOUT?** The Plaintiff filed this Lawsuit on behalf of itself and the Settlement Class
alleging, among other things, that QMP violated the Telephone Consumer Protection Act ("TCPA") by sending it and the
Settlement Class unsolicited fax ads. The TCPA provides for a statutory penalty of $500 for each violation and a $1500
penalty for willful violations. QMP denies violating the Act. If litigation continued, QMP would defend the case by showing
that the Subcontract Faxes are not advertisements or subject to the TCPA. The parties have entered into this Proposed
Settlement to avoid the risk, inconvenience, and expense of further litigation.

**III. WHO REPRESENTS YOU?** The Court has appointed Siprut PC to represent the Settlement Class as Class Counsel.
Class Counsel may be contacted at Siprut PC, 17 N. State Street, Suite 1600, Chicago, IL 60602, (312) 236-0000, (312) 241-
1260 (FAX), www.siprut.com.

**IV. WHAT IS THE PROPOSED SETTLEMENT?** Subject to Court approval, under the Proposed Settlement, QMP will
pay $650,000.00 to settle the claims of the Plaintiff and the Class members. **To receive money under this settlement, you
must submit the claim form at the end of this Notice.** The $650,000.00 will be used to: (a) pay the costs of notice and
administration of the settlement; (b) pay an award of attorney fees and costs to Class Counsel; (c) pay an individual award to

the Plaintiff; and (d) establish a Class Fund for the Class Members, which will be equal to the $650,000 minus the foregoing amounts. Notice and administration costs will not exceed $45,000.00. The Plaintiff's award will not exceed $5,000. Attorney's fees and costs awarded by the Court will not exceed one third of the Settlement Amount minus administration costs and Plaintiff's award. The parties estimate that Class Counsel will be awarded $200,000. The parties estimate that the Class Fund will total roughly $400,000. The Class Fund will be distributed *pro rata* among class members who submit a valid claim form. The parties believe there are about 21,450 class members. If 10% of the class members submit valid claim forms, each class member submitting a valid claim form will get roughly $186.48.

Under the settlement, those Settlement Class members who remain in the Settlement Class will release QMP from liability for sending them faxes, regardless of whether they file a claim form for a share of the Class Fund. The Court has given preliminary approval to the settlement and directed that this notice be sent to you. The Court has appointed the law firm of Siprut PC as Class Counsel to represent the Settlement Class.

## V. YOUR LEGAL RIGHTS AND OPTIONS:

**1) Remain a member of the Settlement Class and file a claim to receive a portion of the Class Fund.** To do so you must mail or fax the Claim Form at the end of this Notice to the Claims Administrator at the address or fax number indicated on the Claim Form. The Claim Form must be faxed or postmarked by -----------------, 2015. You will receive a *pro rata* share of the Settlement Fund.

**2) Exclude yourself from the Settlement.** You may opt out or exclude yourself from the settlement by faxing or mailing a Notice of Exclusion to the Claims Administrator at: [address/fax number for Claims Administrator], containing the case name and number at the top of this notice and stating you wish to be excluded from the Settlement Class. The Notice of Exclusion must be faxed or postmarked on or before --------------------------, 2015.

**3) Object to or Comment on the Settlement.** You may object to or comment on this settlement in writing. Your objection must contain the case name and number at the top of this notice and be faxed or mailed to Class Counsel: Joseph J. Siprut, Siprut PC, 17 North State Street, Suite 1600, Chicago, IL 60602, (312) 241-1260 and Peter E. Pederson, Hinshaw & Culbertson LLP, 222 N. LaSalle St. Ste. 300, Chicago IL 60601 fax 312-704-3001. You must also send a copy of the objection to the Office of the Clerk, U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, IL 60604. You may also be heard at the Final Approval Hearing (see below) regarding any objection or comment you have. Filing an objection does not exclude you from the Settlement Class. Your objection must be postmarked or faxed by --------, 2015. **If you file an objection, you may, subject to Court approval, have to produce documents or provide sworn testimony at a deposition.**

**4) Do Nothing**. You are not obligated to take any action in response to this Notice. If you do nothing you will remain a member of the Settlement Class but you will **not** receive a share of the Class Fund and you will release Defendant QMP from liability for sending faxes to you regarding its goods and services.

You are represented by Class Counsel in this case. You are free to retain your own attorney to represent you at your own cost. **QUESTIONS ABOUT THIS NOTICE OR THIS CASE MAY BE DIRECTED TO CLASS COUNSEL AT 312-236-0000.**

**FINAL APPROVAL HEARING:** The Court will hold a Final Approval Hearing ("Fairness Hearing") on -------------------------------, 2015 at ----------------------- .m before Judge Durkin, Room 1441 of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, IL 60604 at which time the Court will decide whether to grant final approval to the proposed settlement. You are not required to attend this hearing unless you wish to speak orally as to an objection or comment you have.

### PLEASE DO NOT CONTACT THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION

### BY ORDER OF UNITED STATES DISTRICT COURT JUDGE THOMAS M. DURKIN FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

-----------------------------------------------------------------------------------------------------------------------------

### CLAIM FORM
**_AL and PO CORPORATION v. QUALITY MEDICAL PRODUCTS, LLC,_ No. 14 CV 1243**

**SUBMIT BY** <mark>------------------------,</mark> **2015** VIA FACSIMILE OR MAIL TO:
[<mark>CLAIMS ADMINISTRATOR'S INFO</mark>]:

I certify that I am a member of the Settlement Class defined above. I am the recipient of a Subcontractor Fax, the owner of a fax machine to which the Subcontractor Fax was sent, or the subscriber to a fax number to which the fax was sent.

_____          _____
Fax number involved                                        Full Name of Class Member


_____
      Street/P.O. Box                                City              State              Zip Code
(Current Mailing Address of Subscriber of Fax Line)


                                                            _____
                                                            Signature

4828-0315-2930, v. 2

3

# EXHIBIT A



## JOIN OUR NATIONAL CPAP/BIPAP SUBCONTRACTOR NETWORK AND REST ASSURED PATIENTS WILL REMAIN IN GOOD HANDS AND CONTINUE TO BE SERVICED BY QUALIFIED COMPANIES!

## MAINTAIN RELATIONSHIPS WITH YOUR REFERRAL SOURCES BY STILL SERVICING _ALL PATIENTS_ REGARDLESS OF INSURANCE.

## INTERESTED IN JOINING? ALL YOU NEED IS:

- VALID ACCREDITATION FOR CPAP/RAD EQUIPMENT AND SUPPLIES
- BE IN COMPLIANCE AND GOOD STANDING WITH MEDICARE
- MAINTAIN AT LEAST **$1,000,000** OF COMMERCIAL AND PROFESSIONAL LIABILITY INSURANCE, NAMING QUALITY MEDICAL PRODUCTS AS CO-INSURED

## NEXT STEPS...

EMAIL GOCPAP@qmpdirect.com FOR A SUBCONTRACTOR'S AGREEMENT FOR THE CBA(S) YOU SERVICE CPAP AND BIPAP EQUIPMENT AND ARE ACCREDITED TO PROVIDE.

## QUESTIONS?

CALL: (800) 646-1071

EMAIL: GOCPAP@QMPDIRECT.COM

We look forward to your participation in our subcontracting network.

To opt out of future faxes, please visit http://faxbb.com/?page_id=621 and submit your fax number for removal from future fax marketing. The removal process may take up to 7 days to remove your number from future mailings.
IF YOU HAVE ALREADY RECEIVED A COPY OF THIS FAX OR ENROLLED WITH US, PLEASE DISREGARD THIS MESSAGE



**QUALITY**
MEDICAL PRODUCTS

Quality Medical Products
5180 W. Atlantic Ave. #105
Delray Beach, Florida 33484

Thank you for your interest in joining the Quality Medical Products, LLC ("QMP") subcontractor network under the 2013 Medicare DMEPOS Round 2 Competitive Bidding Program. Quality Medical Products is seeking subcontractin arrangements with qualified DME Providers nationwide to service CBA patients currently receiving or requiring CPAP and BIPAP equipment.

Per Medicare guidelines, The Supplier Standards limit Medicare-enrolled suppliers' subcontracting arrangements to: 1) purchase of inventory; 2) delivery and instruction on the use of Medicare-covered items; and 3) maintenance and repair of rented equipment.

In addition, any subcontractor interested in participating in our network must meet and remain in compliance with the (30) Medicare Supplier standards, as may be amended from time to time, including but not limited to: (1) Valid Accreditation per the items specified in the subcontracting agreement, (2) a valid PTAN in good standing with the Centers for Medicare and Medicaid Services, (3) a surety bond in the amount of $50,000 and (4) a coverage in the amount of no less than $1,000,000 under a Commercial and Professional Liability Insurance Policy naming Quality Medical Products, LLC, as an additional insured, and provide such Certificate of Insurance to Quality Medical Products, LLC.

Prior to implementation, of a subcontract we require certification that indicates your company is in compliance with all Medicare supplier standards and guideline, and in good standing

If you are interested in participating in our subcontracting network, email me jordan@qmpdirect.com for an agreement for the CBA(s) you service and the products you are accredited to provide. Please send this information to my email address or my secure fax (561) 771-0042.

If you have questions you may reach me at 800-356-0685 x 234

We look forward to your participation in our subcontracting network.

Thank you

Jordan Soblick
President
Quality Medical Products, LLC
Toll Free: (800) 356-0685 x 234
jordan@qmpdirect.com

Page 1