

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AL AND PO CORPORATION, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 14-cv-1243 |
| Plaintiff, | ) | |
| v. | ) | Hon. Thomas M. Durkin |
| | ) | |
| QUALITY MEDICAL PRODUCTS, LLC, a Florida limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On June 3, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant Quality Medical Products, LLC ("QMP" or "defendant"), as memorialized in the Class Settlement Agreement (the "Settlement Agreement") in this proposed class action (the "Litigation").

On November 4, 2015, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Settlement Agreement, Plaintiffs' Motion For Final Approval Of Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, QMP, members of the Settlement Class, and the claims asserted in the Litigation.

2.     The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.     This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out (*i.e.* Alpha-Omega Pharmacy, Fax Number: (352) 600-7955) are forever bound by this Order and the Settlement Agreement.

## Class Certification

4.     The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities: (a) who in 2013 were subscribers to a telephone number to which was sent one or more facsimiles ("Subcontractor Faxes") inviting recipients to contact QMP about its subcontractor network, which is used to service Medicare members receiving CPAP and BiPAP equipment, or who in 2013 were the owners of a facsimile machine to which a Subcontractor Fax was sent; (b) who in 2013 were subscribers to a telephone number listed on one or both of the two spreadsheets QMP created for purposes of sending the Subcontractor Faxes; (c) who were recipients of a Subcontractor Fax; *or* (d) who in 2013 had a registration with the National Provider Identifier ("NPI") Registry that included a telephone number described in (a) or (b) above.

5.     The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the Settlement

Class; (d) Plaintiff will fairly and adequately protect the interests of the Settlement Class; (e) Siprut PC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.      AL and PO Corporation are designated as representatives of the Settlement Class.

7.      Joseph J. Siprut and Ismael T. Salam of Siprut PC are appointed as Class Counsel.

**Class Notice**

8.      The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9.      With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort. Class Counsel also posted the Settlement Agreement and Notice on their firm's website, www.qmpfaxsettlement.siprut.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

10.      A total of 302 valid and timely claim forms were submitted.

**Objections and Opt-Outs**

11.      No objections were filed by Class Members.

12.     One person/entity has validly requested exclusion from the Settlement Class. The entity that validly opted out of the settlement is: Alpha-Omega Pharmacy, Fax Number: (352) 600-7955) (Dkt. No. 69-3 at Ex. C.)

**Class Compensation and Other Payments Under this Agreement**

13.     In accordance with the terms of the preliminary approval order and the Settlement Agreement, on June 9, 2015, QMP provided Class Counsel with a Notice and Administration Payment of $45,000.00, which amount will be used to pay all costs associated with administering the settlement and providing notice to Settlement Class members. To the extent actual notice and administration costs are less than $45,000.00, the excess will be included in the Class Fund, defined below. Upon the Effective Date under the Settlement Agreement, QMP or person acting on its behalf shall make additional payments in accordance with this order totaling $605,000. The Total Settlement Amount is $650,000 and is made up of $605,000 payments to be made on the Effective Date and the $45,000 Notice and Administration Payment that has already been made by QMP. No part of the Total Settlement Amount shall revert back to QMP. QMP's liability under this order and the Settlement Agreement is limited to $650,000 and will not exceed that amount.

14.     Upon the Effective Date, the Court directs that the following payments be made:

        (a)     Class Counsel shall pay the settlement class administrator, Kurtzman Carson Consultants, LLC ("KCC"), the costs of providing notice to the class members, administering the settlement, and sending payments to the class members who submitted valid claim forms. This payment will be in the amount of $20,563.75.

        (b)     Class Counsel shall pay the balance of the Notice and Administration Payment, $24,436.25, to KCC, for inclusion in the Class Fund, defined below.

        (c)     Defendant, or persons acting on its behalf, shall issue a check for $208,145.42 to cover the Court's award of attorneys' fees and costs to Class Counsel. This payment is to be made in accordance with the instructions provided to defense counsel in Joseph Siprut's November 2, 2015 email.

4

(d)     Defendant, or persons acting on its behalf, shall pay $5,000.00 to plaintiff, AL and PO Corporation, as an incentive award.

(e)     Defendant, or persons acting on its behalf, shall pay KCC $391,854.58. This amount equals the remaining $605,000 due from defendant, less the incentive award to plaintiff ($5,000.00), less the award for Class Counsel's fees and costs ($208,145.42).

(f)     The Class Fund to be distributed *pro rata* among the Settlement Class members who submitted valid claim forms is equal to $416,290.83. This amount consists of the $391,854.58 payment by QMP described in ¶14(e) plus the $24,436.25 payment by Class Counsel described in ¶14(b). As soon as practicable following the Effective Date, KCC shall distribute the Class Fund *pro rata* among the Settlement Class members who submitted valid claim forms.

15.     The Class Administrator shall distribute the Class Fund, as defined in the Settlement Agreement, to the Settlement Class Members in accordance with the provisions of this Order and the Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

## Releases

16.     Upon the Effective Date, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

17.     The Court has considered Class Counsel's application for attorneys' fees. As set forth in ¶ 14(c) above, the Court awards Class Counsel the sum of $208,145.42 as an award of attorney's fees to be paid from the Total Settlement Amount, and finds this amount of fees is fair and reasonable. This payment is to be made in accordance with the instructions provided to defense counsel in Joseph Siprut's November 2, 2015 email.

18.     The Court grants Class Counsel's request for an incentive award to the class representatives and awards $5,000 to AL and PO Corporation, as set forth in ¶14(d) above. The

Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Total Settlement Amount.

**Other Provisions**

19.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20.    Neither the Settlement Agreement, the Preliminary Approval Order, this Order Granting Final Approval, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, Order Granting Final Approval), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including QMP, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

21.    The Settlement checks to be issued to those Settlement Class members who file valid and timely claim forms will be void ninety (90) days from the date of issuance. Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will, subject to Court approval, be paid as a *cy pres* award to be agreed upon by the Parties. If the Parties are unable to agree, they may each present a potential recipient to the Court for selection.

22.    The Class Administrator shall file an affidavit of final accounting of the settlement by April 12, 2016.

23.    Notice of the proposed settlement was sent to the Attorney General of the United States as well as the Attorney General of each state and territory of the United States, in

compliance with 28 U.S.C. § 1715. Thus, final approval is appropriate at this time. The Court finds that the notice provided by defendants meets the requirements of 28 U.S.C. § 1715.

24. If this order is withdrawn or vacated by this Court or vacated on appeal, all recipients of funds under this order shall return those funds to counsel for QMP within three business days.

25. The Court hereby dismisses with prejudice the claims of plaintiff, AL and PO Corporation, and the Settlement Class members against Quality Medical Products, LLC.

26. This order is a final and appealable judgment as to all claims asserted in and all parties to this action under 28 U.S.C. §1291.

27. The Class Administrator shall make claim payments and issue and collect W-9 forms.

28. Status on settlement accounting and/or dismissal of the litigation is set for April 19, 2016 at 9:00 a.m.

ENTER:

Dated: _____11/4/15_____

_____
United States District Court Judge

4825-2268-1637, v. 3